## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brigetta Brannon and Joanna Miller, | Civil Action No. 1:21-cv-3550 |
| Plaintiffs, | |
| – against– | **COMPLAINT** |
| GM Financial and TransUnion, LLC | |
| Defendant(s). | |

### COMPLAINT

Plaintiffs, Brigetta Brannon and Joanna Miller (hereinafter "Plaintiffs"), by and through their attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants, GM Financial ("GM Financial"), and Trans Union, LLC ("Trans Union") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

### PARTIES

1

2. Plaintiffs, Brigetta Brannon and Joanna Miller, are adult citizens of the state of Illinois domiciled in Palestine, IL.

3. Plaintiffs are a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant GM Financial does business throughout the country and in the State of Illinois. GM Financial is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant TransUnion is a limited liability company, doing business throughout the country and in the state of Illinois. TransUnion is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Trans Union is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Plaintiffs because the Plaintiffs are domiciled in Illinois.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Illinois.

## FACTUAL ALLEGATIONS

9. Defendant GM Financial issued an account ending in 0066 to Plaintiffs; the account was routinely reported on Plaintiffs' consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about September 12, 2019, Plaintiffs and GM Financial entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is enclosed herein as **Exhibit A.**

12. Pursuant to the terms of the settlement, Plaintiffs was required to make six (6) monthly payments totaling $946.03 to settle and close their GM Financial account.

13. Plaintiffs, via their debt settlement representative, timely made the requisite settlement payments in compliance with the terms of the aforementioned settlement agreement. Redacted proofs of these payments are attached hereto as **Exhibit B.**

14. However, over half a year later, Plaintiffs' GM Financial account continued to be negatively reported.

15. In particular, on a requested credit report dated October 22, 2020, Plaintiffs' GM Financial account was reported with a status of "CHARGE OFF," a balance of

$946.00 and a past due balance of $946.00. The relevant portion of Plaintiffs' credit report is attached hereto as **<u>Exhibit C</u>.**

16. This trade line was inaccurately reported. The account was settled for less than the full balance and must be reported as such.

17. On or about April 2, 2021, Plaintiffs notified Defendants of a dispute on the GM Financial account's completeness and/or accuracy. A redacted copy of this letter is attached hereto as **<u>Exhibit D</u>.**

18. Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by GM Financial to the Consumer Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In, May of 2021, Plaintiffs requested updated credit reports for review. The trade line for the GM Financial account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the May 2021 credit report is attached hereto as **<u>Exhibit E</u>.**

20. TransUnion did not notify GM Financial of the disputes by Plaintiffs in accordance with the FCRA, or alternatively, did notify GM Financial and GM Financial failed to properly investigate and delete the trade line or properly update the trade line on Plaintiffs' credit reports.

21. If GM Financial did perform a reasonable investigation of Plaintiffs' dispute, Plaintiffs' GM Financial account would be updated to reflect a settled status with a $0 balance.

22. GM Financial has promised through its subscriber agreements or contracts to accurately update accounts, but GM Financial has nonetheless willfully,

4

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with TransUnion.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## <u>CLAIM FOR RELIEF</u>

26. Plaintiffs reasserts and incorporates herein by reference all facts and allegations set forth above.

27. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. GM Financial is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. GM Financial is reporting inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiffs notified Defendants of a dispute on the account's completeness and/or accuracy, as reported.

31. GM Financial failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. GM Financial failed to update Plaintiffs' credit report and/or notify the credit bureaus that the GM Financial account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

33. GM Financial failed to promptly modify the inaccurate information on Plaintiffs' credit report in violation of 15 U.S.C. § 1681s-2(b).

34. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes as required by 15 U.S.C. § 1681i(a).

35. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

36. As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following forms: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

37. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury in this action of all issues so triable

Respectfully Submitted,

<u>/s/ Kathryn Valentyn</u>

7

Kathryn Valentyn, Esq.
Attorney for Plaintiffs
Law Offices of Robert S.
Gitmeid & Assoc., PLLC
11 Broadway, Suite 960
New York, NY 10004
Tel: (212) 226-5081
Fax: (212) 428-6808
Kathryn.S@gitmeidlaw.com